THOMAS MACKIN and others *v.* CHARLES N. ROWLEY.

A supplemental petition containing no new allegations, and filed for the sole
  purpose of propounding interrogatories, to which the defendant has neglected to
  answer after sufficient time, may be withdrawn, by leave of the court, after the
  case has been called for trial.

Where in a suit against a land-holder for his proportion of the expense of work
  executed by the plaintiffs, under a contract with commissioners appointed by an
  ordinance of the police jury, the plaintiffs rely on an assumpsit of the defen-
  dant, proof of the appointment of the commissioners will not be required.

THIS was a suit before the District Court of Concordia, *Tenney*,
J., by Thomas Mackin, Edward Dunn, and Andrew Murray, for
work done on the lands of the defendant, under a contract with
commissioners appointed by the police jury of the parish of Con-
cordia, the cost of which was ordered by the police jury, in the
exercise of the power conferred on them by law, to be paid by the
defendant.

*Farrar*, for the plaintiffs.

*Huston*, for the defendant and appellant.

MARTIN, J.   The plaintiffs having excavated a canal in con-
sequence of an ordinance of the police jury, and in pursuance
of a contract with commissioners appointed by that body, instituted
the present suit for the balance of the defendant's proportion of the
sum to which they were entitled under their contract.

Their claim was resisted on the plea of the general issue, and an
averment that the defendant never assumed the payment of said
claim.

The plaintiffs, afterwards, with leave of the court, filed an
amended petition, the sole object of which was to propound inter-
rogatories.   This amended petition was served on the defendant,
who neglected to answer the interrogatories propounded to him.
Fourteen days after this service, the case was called for trial, the
plaintiffs with leave of the court withdrew their amended petition,
and the defendant took his bill of exceptions to the opinion of the
court granting leave.   The plaintiffs had judgment, and the defen-
dant appealed.

Our attention is first drawn to the bill of exceptions.   The
amended petition contained no admission.   The defendant had

neglected for nearly a fortnight to answer the interrogatories, and complained of the withdrawal of the petition solely because it prevented him from availing himself of the absence of a judgment by default. Admitting that a judgment by default, might or ought to have been taken on this amended petition which contained no new allegation, that was susceptible of denial or admission, the court did no injury to the defendant in granting the leave to withdraw it. He lost thereby no other faculty, but that of answering the interrogatories. He had ample time to answer them, and his failure to do so, raises a very strong presumption that it was not his interest to respond to the interrogatories.

On the merits, the defendant urged at the trial, that there were no commissioners appointed by the police jury as alleged, and that the plaintiffs had no right to sue for this claim.

It appears to us that there was no necessity for making proof of the appointment of commissioners. The plaintiffs relied on the assumpsit of the defendant, and the partial payment he had made, followed by a promise to pay the balance in notes of Mississippi banks, or on a short delay if they would take his own note without interest, or with five per cent interest, instead of ten on which the plaintiffs insisted. It is in evidence that the defendant is owner of a large tract of land, the value of which was greatly increased by making the canal.

*Judgment affirmed.*